UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRIS MONET,<br><br>        Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>        Defendants. | Case No. 16-CV-00372-LHK<br><br>**ORDER GRANTING PLAINITFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 14 |

      Plaintiff Chris Monet brought this action in Santa Clara County Superior Court against Defendants JPMorgan Chase Bank, N.A. ("Chase") and Quality Loan Service Corp. ("QLS"). ECF No. 1-1 ("Compl."). Chase removed the case to federal court. ECF No. 1 ("Removal Notice"). Before the Court is Plaintiff's motion to remand the case to Santa Clara County Superior Court. ECF No. 14. The Court finds that the motion is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and thus VACATES the hearing set for March 17, 2016, at 1:30 p.m. The case management conference, currently scheduled for the same date and time, is also VACATED. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Plaintiff's motion to remand.

## I. BACKGROUND

### A. Factual Background

Plaintiff financed the real property commonly known as 1228 Naglee Avenue, San Jose, California 95126 (the "Property") through a loan secured by a Deed of Trust. Compl. ¶ 16; Ex. B ("Notice of Default"). Although the identity of the original lender is not clear from Plaintiff's filings, at some point servicing rights on the Deed of Trust were transferred to Chase. *See id.* ¶ 19; Notice of Default.[1]

In 2014, Plaintiff was "forced into foreclosure." *Id.* ¶ 17. According to Plaintiff, Chase has not provided an explanation of "just how, when, and why Plaintiff's loan was . . . in an alleged state of default." *Id.* ¶ 18. At some point after Plaintiff defaulted, Plaintiff allegedly submitted a complete loan modification application. *Id.* Chase requested additional documents to review for a first lien loan modification, and "proceeded to drag out the process into 2015." *Id.* However, Plaintiff asserts that Chase has not yet made a written determination that Plaintiff is ineligible for a first lien loan modification. *Id.* ¶ 28. Plaintiff still resides in the Property. *Id.* ¶ 1.

On September 30, 2015, QLS executed a Notice of Default, which was recorded by the Santa Clara County Recorder on October 2, 2015, as document 23097222. Notice of Default. QLS is allegedly the original trustee, the duly appointed trustee, or the agent of the trustee or beneficiary. *Id.*; Compl. ¶ 19. According to Plaintiff, Chase and QLS engaged in wrongful "dual tracking" by moving forward on the non-judicial foreclosure despite being in discussions over a loan modification. Compl. ¶ 13–14, 20.

---

[1] Plaintiff asserts that Plaintiff attached the "true and correct copy of the Deed of Trust" to the complaint. Compl. ¶ 16. However, Exhibit A to the complaint is a Deed of Trust, recorded October 4, 2002, that names Neil J. Evans as borrower and Fremont Investment & Loan as lender. Compl. Ex. A. This contradicts the complaint, which states that Plaintiff executed the Deed of Trust. *Id.* ¶ 16. Exhibit A also contradicts Exhibit B, the Notice of Default referred to in Plaintiff's complaint. *See id.* ¶ 19; Notice of Default. The Notice of Default names Plaintiff as the borrower on the Deed of Trust, SunTrust Mortgage, Inc. as the lender, and September 5, 2007 as the date of recordation. *See* Notice of Default. Chase does not discuss these discrepancies in opposition to the instant motion, and the Court need not resolve the discrepancies to rule on the instant motion. However, the Court notes its disappointment that Plaintiff has provided conflicting allegations and exhibits.

2

Case No. 16-CV-00372-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**B. Procedural History**

On December 18, 2015, Plaintiff filed this action in Santa Clara County Superior Court. ECF No. 1-1. Plaintiff's complaint asserts six causes of action, including lack of compliance with California non-judicial foreclosure laws, Cal. Civ. Code §§ 2924.17,[2] 2923.6, 2924.11, 2923.7, and violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. Plaintiff requests damages and restitution, as well as injunctive relief under Cal. Civ. Code § 2924.12. Plaintiff asserts only state law causes of action, and no federal claims.

On January 21, 2016, QLS filed a declaration of nonmonetary status pursuant to California Civil Code § 2924*l*. ECF No 1-3. In the declaration, QLS states that QLS "believes that it has been named in the above-entitled action solely in its capacity as Trustee under the Deed of Trust, which is the subject of this action." *Id.*

On January 22, 2016, Chase removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. *See* Removal Notice.

Plaintiff filed the instant motion to remand on January 29, 2016. ECF No. 14 ("Mot."). That same day, Plaintiff filed an objection to QLS's declaration of nonmonetary status. ECF No. 15. Chase responded to the motion to remand on February 12, 2016. ECF No. 17 ("Opp."). QLS did not file a response. Plaintiff did not file a reply, and the time to do so has now passed.

**II.   LEGAL STANDARD**

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v.*

---

[2] In Plaintiff's first cause of action, Plaintiff cites both California Civil Code sections 2923.17 and 2924.17. However, there is no California Civil Code section 2923.17, and Plaintiff only quotes the language of section 2924.17. *See* Compl. ¶ 23. Thus, the Court construes the reference to section 2923.17 as an inadvertent error.

*Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).  Where, as here, subject matter jurisdiction is premised on diversity of citizenship, "28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."  M*atheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

The party seeking removal bears the burden of establishing federal jurisdiction.  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).  If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court.  28 U.S.C. § 1447(c).

### III.  DISCUSSION

Plaintiff argues that remand is proper for three reasons.  First, Plaintiff contends that complete diversity does not exist because Plaintiff and QLS are both citizens of California.  Mot. at 4–7.  Second, Plaintiff claims that QLS did not consent to removal.  *Id.* at 4.  Third, Plaintiff asserts that "the amount in controversy is likely not greater than $75,000."  *Id.* at 7–8.  Because the Court finds below that there is not complete diversity between the parties, the Court need not reach Plaintiff's second or third arguments.

The Court begins by determining the citizenship of the parties.  There is no dispute that Plaintiff is a citizen of California.  Compl. ¶ 1.  By contrast, Chase is not a citizen of California.  In Plaintiff's instant motion, Plaintiff claims that Chase is a California citizen, Mot. at 4, but in Plaintiff's complaint, Plaintiff alleged that Chase is a New York citizen, Compl. ¶ 2.  A "national bank" under 28 U.S.C. § 1348 is a citizen of "the State designated in its articles of association as its main office."  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).  Chase is a national banking association with its main office in Columbus, Ohio.  Removal Notice at 3; ECF No. 18, Declaration of John Freed, Ex. 1.  Accordingly, Chase is a citizen of Ohio.  *See Wachovia Bank*, 546 at 318.  Lastly, QLS is a California citizen.  Compl. ¶ 3; Opp. at 4.  Chase asserts that QLS's citizenship may be disregarded for the purposes of determining diversity jurisdiction because QLS

4

is a nominal party who was fraudulently joined in this action. Opp. at 4.

Where a plaintiff fails to state a cause of action against a non-diverse defendant, "and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent and removal is proper." *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (quotation marks and citation omitted). "In order to establish that there has been no fraudulent joinder, a plaintiff need only have one potentially valid claim against a non-diverse defendant." *Wise v. Suntrust Mortg., Inc.*, 2011 WL 1466153, at *3 (N.D. Cal. Apr. 18, 2011). Here, Plaintiff's state court complaint names QLS in the second cause of action for violating California Civil Code § 2923.6. Compl. ¶¶ 26–29 ("Against ALL Defendants & DOES 1–20"). Section 2923.6 "attempts to eliminate . . . dual tracking, whereby financial institutions continue to pursue foreclosure while evaluating a borrower's loan modification application." *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 950 (2014). In relevant part, section 2923.6 provides:

> (c) If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, *trustee*, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, *trustee*, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:
>
> (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.

Cal. Civ. Code. § 2923.6(c) (emphasis added).

On its face, section 2923.6(c) imposes obligations that extend to trustees. *See id.*; *see also Banuelos v. Nationstar Mortg., LLC*, 2014 WL 1246843, at *2–*3 (N.D. Cal. Mar. 25, 2014) (finding that trustees may be liable for violating section 2923.6). Moreover, a borrower has a private right of action to remedy material violations of section 2923.6. Specifically, borrowers may sue for injunctive relief "[i]f a trustee's deed upon sale has not been recorded," and for damages if the deed upon sale has been recorded. Cal. Civ. Code § 2924.12(a)–(b); *see also Vasquez v. Bank of Am., N.A.*, 2013 WL 6001924, at *7–*8 (N.D. Cal. Nov. 12, 2013) (finding

5

that there is a private right of action to enforce section 2923.6).  Accordingly, because it appears that a borrower may bring an action against a trustee for violating section 2923.6(c), it is not "obvious" that Plaintiff may not bring an action against QLS.  *See Gardner*, 508 F.3d at 561 (noting failure to state a cause of action must be obvious for joinder to be fraudulent).  Chase makes no argument, and cites no authority, to the contrary.

Instead, Chase contends that Plaintiff makes no substantive allegations in the complaint against QLS.  However, the complaint alleges that QLS recorded a notice of default even though Chase has not made a written determination that Plaintiff is ineligible for a first lien loan modification, in violation of section 2923.6.  Compl. ¶¶ 19, 28.  Chase does not explain why these allegations are insufficient to state a claim against QLS.  *Cf. Boring v. Nationstar Mortg., LLC*, 2014 WL 66776, at *4 (E.D. Cal. Jan. 7, 2014) (finding borrower stated a claim under section 2923.6 when the plaintiff alleged that the mortgage servicer recorded a notice of default and notice of sale while the plaintiff's loan modification application was pending); *Lapper v. SunTrust Mortg., N.A.*, 2013 WL 2929377, at *3 (C.D. Cal. June 7, 2013) (finding plaintiff sufficiently alleged a violation of section 2923.6 when the lender allegedly provided no written notice of a determination on the loan modification application).

Moreover, "[r]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Sun v. Bank of Am. Corp.*, 2010 WL 454720, at *3 (C.D. Cal. Feb. 8, 2010) (internal quotation marks omitted) (second alteration in original).  Chase fails to show that any deficiencies in Plaintiff's allegations could not be cured through amendment of the complaint.  *See id.*  For these reasons, the Court cannot find that QLS was fraudulent joined.

A second exception to the complete diversity requirement applies to nominal parties.  In assessing the citizenship of the parties, "[a] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).  Thus, "[d]efendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical

6

Case No. 16-CV-00372-LHK
ORDER GRANTING PLAINITFF'S MOTION TO REMAND

joinder." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002). "The paradigmatic nominal defendant is a trustee, agent, or depositary who is joined purely as a means of facilitating collection." *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (internal quotation marks, brackets, and ellipsis omitted). However, status as a trustee "is not itself sufficient to render [the trustee] a nominal party." *Couture v. Wells Fargo Bank, N.A.*, 2011 WL 3489955, at *3 (S.D. Cal. Aug. 9, 2011).

In the instant case, Chase asserts that QLS is a nominal party for two reasons. First, Chase contends that QLS is a nominal party because QLS filed a declaration of nonmonetary status under Cal. Civ. Code § 2924*l*, to which Plaintiff did not properly object. Opp. at 6–7. According to Chase, Plaintiff's objection to QLS's nonmonetary status is procedurally defective because Plaintiff failed to timely serve QLS with the objection and did not file the objection in state court. *Id.* Thus, Chase says, Plaintiff's objection does not defeat QLS's nominal party status. *Id.*

The Court concludes that, regardless of the procedural validity of Plaintiff's objection, QLS's declaration of nonmonetary status under section 2924*l* does not establish QLS's nominal party status in the instant case. Section 2924*l* permits a trustee to declare nonmonetary status if the trustee "maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee." Cal. Civ. Code § 2924*l*(a). If there is no objection to the declaration within 15 days of filing, the trustee gains nonmonetary status. *Id.* § 2924*l*(d).

Some federal courts have considered parties with nonmonetary status under section 2924*l* to be nominal parties for purposes of diversity jurisdiction. *See, e.g.*, *Amaro v. Option One Mortg. Corp.*, 2009 WL 103302, at *1 (C.D. Cal. Jan. 14, 2009); *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1050, 1052 (N.D. Cal. 2009). However, in order for this Court to have jurisdiction over a removed action, original federal jurisdiction must exist "as of the time the complaint is filed and removal is effected." *Strotek Corp.*, 300 F.3d at 1131. In this case, QLS had not attained nonmonetary status at the time of removal.

As noted above, a party gains nonmonetary status only if no objection is served within the

7

Case No. 16-CV-00372-LHK
ORDER GRANTING PLAINITFF'S MOTION TO REMAND

15-day objection period. Cal. Civ. Code § 2924*l*. Chase removed this action to federal court on January 22, 2016—approximately one day after QLS filed its declaration of nonmonetary status and 14 days before the objection period expired. Accordingly, at the time of removal, QLS had not yet attained nonmonetary status. Thus, QLS's declaration of nonmonetary status does not demonstrate that QLS is a nominal party. *See Boggs v. Wells Fargo Bank NA*, 2012 WL 2357428, at *3 (N.D. Cal. June 14, 2012) (finding that trustee was not a nominal party for purposes of diversity jurisdiction where action was removed approximately 14 days after trustee filed a declaration of nonmonetary status); *Wise*, 2011 WL 1466153, at *4 (same, when removal occurred approximately four days after trustee filed a declaration of nonmonetary status).

Second, Chase argues that the complaint does not contain any substantive allegations about QLS. Removal Notice at 4; Opp. at 7. Chase relies on *Cornell v. That Certain Instrument Entitled "Deed of Trust"*, 2013 WL 5719524, *1 (E.D. Cal. Oct. 18, 2013), in which the district court found that the trustee was a nominal party because the complaint "includes no substantive allegations against [the trustee] and asserts no claims for money damages against [the trustee]." In the instant case, by contrast, Plaintiff alleges wrongdoing by QLS. Specifically, the complaint alleges that QLS recorded a notice of default even though Chase has not made a written determination that Plaintiff is ineligible for a first lien loan modification. Compl. ¶¶ 19, 28. As discussed above, these allegations may be sufficient to state a claim against QLS for violation of California Civil Code § 2923.6(c). Thus, Chase has not met its burden to show that QLS is a nominal defendant. *See Moore-Thomas*, 553 F.3d at 1244 (noting that "any doubt about the right of removal requires resolution in favor of remand").

Because the Court finds that QLS was not fraudulently joined and was not a nominal party at the time of removal, QLS's citizenship must be considered for the purposes of determining diversity jurisdiction. As discussed above, Plaintiff and QLS are both citizens of California. Compl. ¶¶ 1, 3. Accordingly, the Court finds that diversity jurisdiction is not a proper basis for removal of this action to federal court.

...

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand the case to Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated: March 14, 2016

_____
LUCY H. KOH
United States District Judge

9
Case No. 16-CV-00372-LHK
ORDER GRANTING PLAINITFF'S MOTION TO REMAND